UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                            Plaintiff,

                                                                                               <u>DECISION AND ORDER</u>

                                                                                                05-CR-6161L

            v.

CONSTANCE ROEDER,

                            Defendant.
_____

       Sentencing for defendant Constance Roeder ("Roeder") is scheduled for February 19, 2009. Roeder's counsel has submitted an extensive Sentencing Memorandum and Motion for Sentence Outside Guideline Range. This document, which was not filed but has been provided to the Court and the Government on or about January 21, 2009, is forty-five pages in length and contains twenty-two exhibits annexed thereto.

       By motion filed February 10, 2009, Roeder seeks an order for leave to file portions of the Sentencing Memorandum under seal and to seal twelve of the twenty-two exhibits.

       The Court entered an Order, on the public docket, on February 11, 2009, providing notice that the motion to seal had been filed. The parties and third-parties were given until February 13, 2009 within which to respond. On February 12, 2009, a reporter for the local Rochester newspaper, *The Democrat & Chronicle,* filed a letter, via facsimile, objecting to the sealing request. On

February 13, 2009, the Government filed its Response to Roeder's motion for sealing, and it also objected to sealing, except for Exhibits 7 and 9, the letters from Roeder's medical providers.

The motion to seal portions of the Sentencing Memorandum seeks sealing of Parts II, III, and VIII. This includes virtually all of the personal history and characteristics of Roeder and highlights her relationship with co-defendant John Nicolo ("Nicolo"), her husband.

The twelve exhibits fall into three categories. Two of the Exhibits, 7 and 9, are medical reports of Roeder's psychotherapist and psychiatrist. The second group of exhibits consist of letters from Roeder's siblings describing her life and relationship with defendant Nicolo. The third group consists of two letters written by defendant Nicolo to Roeder in December 2008.

Especially in the Second Circuit, the Presentence Report ("PSR"), prepared by the Probation Office and provided to the Court and counsel, is not generally accessible to the public. *See United States v. Charmer Indus., Inc.,* 711 F.2d 1164, 1175 (2d Cir. 1983). The reason for that policy is well established. As the court said in *United States v. Boesky,* 674 F.Supp. 1128, 1130 (S.D.N.Y. 1987), the purpose of such a rule is to protect the confidentiality of those providing information to the probation officer, thereby "encouraging the frankness of informants, and the availability of such information."

Disclosure of the PSR is not at issue here. Although, at least four of the exhibits that Roeder now seeks to seal were sent to the Probation Officer*,* they were also sent directly to the Court and are attached as exhibits to the defendant's Sentencing Memorandum.

The issue raised by Roeder's motion to seal involves public access to sentencing memoranda and sentencing letters. The right to inspect such material, if it exists, is based on the well-established common law right of the public to have available for review and inspection judicial records.

Certain principles have emerged from the cases discussing the issue. Several district court cases within the Second Circuit recognize that sentencing memoranda and letters attached to or specifically referenced in a sentencing memorandum filed with the court are generally accessible to the public. *See United States v. Lawrence,* 167 F. Supp. 2d 504, 506 (N.D.N.Y. 2001); *see also United States v. Kushner,* 349 F. Supp. 2d 892, 902 (D.N.J. 2005). As the *Kushner* court noted, 349 F. Supp. 2d at 905, "a strong presumption of access attaches to sentencing memoranda." Also, sentencing memoranda and exhibits attached to it, may bear directly on the Court's Article III duties, "perhaps the most important of judicial duties." *United States v. Kushner,* 349 F. Supp. 2d at 905.

The Court has determined the Guideline range in this case to be a range of 41-51 months. Roeder requests a non-Guideline sentence of probation. The letters submitted by Roeder's siblings chronicle their view of the abuse of Roeder by her husband Nicolo. The two letters from Nicolo to Roeder, written recently, demonstrate, to some degree, the present relationship between the two.

Those matters have been submitted to the Court in the hope that they might impact the Court's decision as to what an appropriate sentence should be in this case.

It is clear from Roeder's motion to seal that she also wishes to prevent co-defendant Nicolo from having access to the exhibits and those portions of the Sentencing Memorandum that she

wishes to seal. The stated reason is that Nicolo may continue to harass the authors and seek some sort of retribution for their letters in support of Roeder.

It is probably no secret to Nicolo that Roeder's family members are not supportive of him in any way, especially since Roeder has now commenced divorce proceedings. The letters do paint Nicolo in an unfavorable light concerning his relationship with Roeder. Since this Court must also sentence Nicolo, it does not seem appropriate to prevent Nicolo and his counsel from reviewing the letters submitted in support of Roeder which, at the same time, castigate Nicolo.

So, the letter exhibits involve not only some rights of the author as well as Roeder but, because the letters also contain unfavorable information concerning Nicolo's conduct, the material impacts him, as well. Whether the Court considers the submitted material at all or only as to Roeder but not Nicolo, remains to be determined.

The exhibits of Roeder's treating psychotherapist and psychiatrist describe their diagnoses, treatment and medication and involve what is generally considered confidential physician patient information.

These letters should be sealed. Exhibit 7 and Exhibit 9 were submitted to the Court with the request that they be confidential. They were submitted by Roeder's psychotherapist and psychiatrist and provide information that would be expected to be provided from a treating physician. Such documents involving patient/client privileges and confidential medical and psychological information should be sealed. Such letters are often submitted directly to the probation officer and if that had been the case, the documents clearly would have been shielded from public access. To

protect the confidentiality of this relationship between physician and patient, I believe it is important that such material be sealed.

I decline to seal the remaining exhibits and those portions of the Sentencing Memorandum that relate to them. The letters and Sentencing Memorandum are clearly designed to portray Roeder in a certain light and, because of that, seek a significantly reduced sentence. In spite of the concerns set forth by the writers, I think other considerations control, including there being a public awareness as to the basis upon which counsel seeks a reduced sentence.

## CONCLUSION

Defendant, Constance Roeder's Motion to seal portions of the Sentencing Memorandum and Motion for Sentence Outside Guideline Range (Dkt. #419), is granted in part and denied in part. Only Exhibits 7 and 9, letters from Roeder's medical providers, shall be submitted under seal. The balance of the filing must be filed publicly. Accordingly, counsel for defendant Roeder is directed to file the Sentencing Memorandum, dated January 21, 2009, and attached exhibits immediately upon receipt of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 13, 2009.